UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SONAL SHAH,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**JOHN THOMPSON, Newark District Director, United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br><br>　　　　**Defendants.** | Civ. No. 2:11-03082 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　Defendant United States Citizenship and Immigration Services ("USCIS") can deny naturalization if an applicant lacks "good moral character." An applicant lacks "good moral character" if she lies in a naturalization interview. USCIS maintains that Plaintiff Sonal Shah lied in her naturalization interview; Shah maintains that she did not. With the instant motion, Shah asks this Court to enter summary judgment declaring her entitlement to naturalization. There was no oral argument. Fed. R. Civ. P. 78(b). Because there is a genuine issue of material fact regarding whether Shah lied during her naturalization interview, the Court will **DENY** the motion.

　　**I.　BACKGROUND**

　　Except as noted, the following facts are undisputed: Shah was born in India. Sonal Shah Decl. ¶ 2, ECF No. 4-2. In 2000, she and her husband acquired landed immigrant status in Canada. *Id.* ¶ 4. On January 26, 2001, Mr. and Mrs. Shah's right to enter the United States was "challenged" when they attempted cross the border from Canada. *Id.* ¶ 5. The parties dispute the legal significance of that

1

"challenge," but they do not dispute that Shah was eventually granted legal permanent residency status on May 24, 2002. *Id.* ¶ 2.

Some years later, when Shah applied for naturalization, she sat for an interview with USCIS. In that interview, she was asked whether she had left the United States between June 30, 1995 and May 24, 2002. Shah Sworn Statement 2, ECF No. 9-11. She answered, "No." *Id.* Later, she conceded living in Canada in 2000. *Id.* Shortly thereafter, USCIS denied Shah's application. United States Citizenship and Immigration Services Decision, ECF No. 9-12. First, USCIS concluded that Shah never should have been admitted to permanent residency. *Id.* at 5. Second, it concluded that Shah lacked the "good moral character" required for naturalization. *Id.* USCIS made this latter determination based on what it describes as lies Shah told in order to secure permanent residency, and also on lies Shah told in her naturalization interview. *Id.* Shah took an administrative appeal from the adverse decision. Decision on Review of Denial of Naturalization Application, ECF No. 9-13. Her appeal was unsuccessful.

## II.   STANDARD OF REVIEW

The Court's review of a naturalization denial is *de novo*. 8 U.S.C. § 1421(c). In conducting this review, the Court is not bound by the factual or legal conclusions of USCIS. *Id.; see also Bustamante v. Napolitano*, 582 F.3d 403, 410 (3d Cir. 2009) ("[T]he court is required to make its own findings of fact and conclusions of law.").

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 644 (3d Cir. 2007).

## III.   DISCUSSION

The Court cannot enter judgment because Shah has failed to meet her burden under Federal Rule of Civil Procedure 56. Specifically, she has failed to demonstrate the absence of a genuine issue of material fact regarding her "good moral character," as that term is used in the immigration laws.

To become a naturalized citizen, an individual must demonstrate that she is "a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." 8 U.S.C. § 1427. For purposes of the instant motion, an applicant lacks good moral character if she testifies falsely under oath with intent to obtain an immigration benefit. 8 C.F.R. 316.10(b)(2)(vi). It does not matter whether the false testimony was material. *Id.*

Reviewing USCIS's decision *de novo*, the Court must "make its own findings of fact and conclusion of law." 8 U.S.C. § 1421(c). Summary judgment is proper if Shah can demonstrate, on the record before the Court, that there is no genuine dispute as to any material fact. She has failed to meet her burden. During her naturalization interview, Shah testified that she never left the United States between June 30, 1995 and May 24, 2002. Shah Sworn Statement 2. She later admitted living in Canada in 2000. *Id.* Clearly, Shah testified falsely. It is a question of fact whether Shah was confused or whether she was trying to conceal information to "obtain an immigration benefit." 8 C.F.R. 316.10(b)(2)(vi).

Shah argues that there is no genuine dispute as to any material fact regarding her good character. She maintains that USCIS had effectively the same record before it when it granted her permanent residency application, and that any character challenge based on that record is time-barred. Shah purports to find support for her argument in *Garcia v. Attorney General*, 553 F.3d 724, 728 (3d Cir. 2006), which held that removal proceedings arising out of fraudulent permanent residency applications are subject to the five-year limitations period set forth in 8 U.S.C. § 1256(a).

The Court assumes without deciding that *Garcia*'s time-bar applies to Shah's naturalization application. Even with the benefit of this assumption, Shah is still not entitled to summary judgment. Recall that USCIS denied Shah's naturalization application for two reasons. First, it determined that Shah was never properly admitted to permanent legal residency. Second, it determined that she lacked good moral character based on answers she gave in her naturalization interview and answers she gave in connection with her permanent residency application. By assumption, it was inappropriate for USCIS to consider the correctness of its decision to admit Shah to permanent legal residency. It was also inappropriate for USCIS to consider any alleged lies Shah told in her permanent residency interview. But it was not inappropriate for USCIS to base its naturalization decision on lies Shah allegedly told during her naturalization interview. It is one thing to argue that USCIS is time-barred from considering old lies; it is another thing to argue that USCIS must turn a blind eye to new lies.

Ultimately, even if the Court were to assume, contrary to USCIS's conclusions, that Shah satisfied the requirements for permanent residency in 2002,

3

and even if the Court were to assume that Shah gave truthful answers in her permanent residency interview, it remains a fact that Shah uttered an independent falsehood during her naturalization interview. She said she had not left the United States. She had. There is a genuine issue of material fact regarding whether Shah misspoke or whether she lied to obtain immigration benefits. Accordingly, there is a genuine issue of material fact regarding Shah's "good moral character." *See* 8 U.S.C. § 1421(c); 8 C.F.R. 316.10(b)(2)(vi). Court will **DENY** the motion for summary judgment. An appropriate order follows.

                                      /s/ William J. Martini
                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 10, 2012**